UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **MARIA CRISTINA NAVARRO,** | § | |
| | § | |
| **Plaintiff,** | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| **ALEX ALEMAN, President (APWU),** | § | SA-11-CV-0122 OG |
| American Postal Workers Union, | § | |
| **FRED DUNCAN, Steward (APWU),** | § | |
| American Postal Workers Union, | § | |
| | § | |
| **Defendants.** | § | |

## ORDER DENYING REQUEST FOR APPOINTMENT OF COUNSEL

This order addresses plaintiff's motion for appointment of counsel. In her complaint plainitff alleges the president of the American Postal Workers Union (APWU) and a union steward unlawfully discriminated against her under Title VII because of her gender.

"There is no automatic right to the appointment of counsel; and in a civil case a federal court has considerable discretion in determining whether to appoint counsel."[1] In considering a plaintiff's request for counsel in an employment discrimination case, the court considers the following factors: "(1) the merits of the plaintiff's claims of discrimination; (2) the efforts taken by the plaintiff to obtain counsel; and (3) the plaintiff's financial ability to retain counsel."[2]

**The merits of plaintiff's claims do not weigh in favor of appointed counsel**. Plaintiff alleges that defendant Duncan "cancel(led) my arbitration which left me without a job", processed grievances without statements from plaintiff, and failed to enforce a pre-arbitration agreement regarding pay issues.

---

[1] *Salmon v. Corpus Christi Indep. Sch. Dist.*, 911 F.2d 1165, 1166 (5th Cir. 1990).

[2] *Gonzalez v. Carlin*, 907 F.2d 573, 580 (5th Cir. 1990).

1

She complains that she was passed over for jobs awarded to others with less seniority although its not clear how she alleges either defendant was responsible for those decisions. With respect to her claims against defendant Aleman she alleges that he failed to respond to letters plaintiff sent to him asking for his help. Plaintiff alleges that defendants committed these acts because of her gender. Her complaint neglects to explain the basis for her allegation that gender motivated Duncan's or Aleman's conduct. As relief, plaintiff asks that defendants be directed to re-employ her and to pay her an award equal to her retirement savings which she withdrew and lost wages.

Title VII prohibits a labor union from "exclud[ing] or [expelling] from its membership, or otherwise [discriminating] against, any individual because of [her]. . . sex. . . ."[3] Courts have applied the traditional McDonnell-Douglas burden-shifting analysis to lawsuits against unions.[4] Under that analysis, a plaintiff must first establish a prima facie case of discrimination. The burden then shifts to the defendant to articulate a legitimate nondiscriminatory reason for the alleged discriminatory act. If the defendant meets this burden, then it shifts back to the plaintiff to present substantial evidence that the defendant's reason was pretext for unlawful discrimination. If the plaintiff can show that the proffered explanation is merely pretextual, that showing, when coupled with the prima facie case, will usually be sufficient to survive summary judgment.[5]

At this stage of the case it is unclear how plaintiff alleges that gender affected decisions or actions/inactions of the individual defendants or the union they represent. Plaintiff's complaint is devoid of that detail. She failed to include a copy of the charge she filed with the EEOC as directed on the last

---

[3] 42 U.S.C. § 2000e-2(c)(1).

[4] *See Causey v. Ford Motor Co.*, 516 F.2d 416, 420 (5th Cir. 1975); *Johnson v. Artim Transp. Sys.*, 826 F.2d 538, 542 (7th Cir. 1987); *Pejic v. Hughes Helicopters*, 840 F.2d 667, 672 (9th Cir. 1988).

[5] *See Causey*, 516 F.2d at 420 n.6.

page of the form complaint; the charge may have included additional detail. In her request for in forma pauperis status she states that she is "handicapped" and has "applied for medical disability." These statements cause the Court to question whether she can make out a prima facie case of discrimination: i.e. to prove that she was qualified for any job from which she was discharged or for which she applied and was passed-over. Under these circumstances, this factor weighs against the appointment of counsel.

**Plaintiff's efforts to obtain counsel do not weigh in favor or against appointed counsel**. Plaintiff's efforts to obtain counsel include contacting four individual attorneys who declined to take her case. She reported no further efforts. This factor neither favors or weighs against the appointment of counsel.

**Plaintiff's's financial ability weighs in favor of appointed counsel**. Plaintiff has requested to proceed in forma pauperis. Her request has been granted. This factor weighs in favor of appointment of counsel.

**Additional considerations**. Plaintiff reports to being a high school graduate with 72 hours of college. She worked for the U.S. Postal Service from 1987 to 2010. She timely responded to the Court's instructions to submit additional detail concerning her financial situation. The law and burdens in regard to claims alleging unlawful employment discrimination are well-settled. The pleadings filed thus far indicate that plaintiff can investigate and present her case without the assistance of counsel.

Based on the foregoing, I DENY the motion for appointment of counsel.

**SIGNED** on March 4, 2011.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE