# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| MARIA CRISTINA NAVARRO, | § | |
| | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. |
| | § | |
| ALEX ALEMAN, President (APWU), | § | SA-11-CV-0122 OG (NN) |
| American Postal Workers Union, | § | |
| FRED DUNCAN, Steward (APWU), | § | |
| American Postal Workers Union, | § | |
| | § | |
| Defendants. | § | |

## REPORT AND RECOMMENDATION

**TO:** Honorable Orlando Garcia
     United States District Judge

    This report and recommendation addresses defendants Alex Aleman and Fred Duncan's motion to dismiss.[1] I have authority to enter this report and recommendation under 28 U.S.C. § 636(b) and the district court's order referring all pretrial matters to me for disposition by order or to aid the district court by recommendation where my authority as a magistrate judge is statutorily constrained.[2] After considering the motion and the pleadings in this case, I recommend granting the motion.

---

[1]Docket entry # 15.

[2]Docket entry # 19.

**Nature of the case.**  Plaintiff Maria Cristina Navarro — proceeding pro se — filed this case under Title VII of the Civil Rights Act of 1964.[3]  Navarro's complaint flowed from her former employment with the U.S. Postal Service.  Navarro worked for the Postal Service for nearly 23 years.  During that time, Navarro filed several grievances against the Postal Service.  Defendant Alex Aleman was designated as Navarro's union representative for her grievances.  Aleman is the president of the American Postal Workers Union (APWU) San Antonio Local 0195.  Defendant Fred Duncan is a local union steward.

By way of background, Aleman represented Navarro in a grievance about a November 18, 2005, 30-day suspension for insubordination.  On March 21, 2007, Navarro, the Postal Service, and the Local Union entered into a pre-arbitration agreement over the suspension.  As part of the settlement agreement, Navarro agreed not to "bid for customer services [assignments] for the remainder of her postal tenure."[4]

The Local Union filed two additional grievances on Navarro's behalf.  The grievances appealed a May 18, 2009, Letter of Warning for "Unacceptable Conduct — Insubordination" and a June 10, 2009, seven-day suspension for "Unacceptable Conduct – Insubordination."  While the arbitration for these grievances was pending, Navarro

---

[3] 42 U.S.C. § 2000e-2.

[4] Docket entry # 16, ex. 2.

received a 14-day suspension for insubordination. The arbitration hearing for the May 18, 2009, Letter of Warning and the June 10, 2009, seven-day suspension was initially scheduled January 14, 2010, but was rescheduled when Aleman's son died on December 22, 2009. All grievances assigned to Aleman during the first two weeks of January were rescheduled. On October 8, 2010, Navarro filed a charge of discrimination with the EEOC complaining about the rescheduling of her January 14, 2010 arbitration.

In the interim — on January 14, 2010 — Navarro received a Notice of Removal. After receiving a notice of right to sue from the EEOC, and obtaining permission to proceed without prepayment of costs, Navarro filed her complaint on March 4, 2011.[5] As the factual basis for her complaint, Navarro alleged:

> [On] January 14, 2010, [Aleman] cancel[led] my arbitration which left me without a job. He said because of his son's murder [on] December 22, 2009. Fred Duncan, Steward, fail to process grievances, without statements from me. Alex Aleman in 2007, signed [a] pre-arbitration agreement to make me whole in terms of [pay], which he has not enforce[d]. And I have been by pass[ed] on jobs. Jobs that have been awarded to people with less seniority.[6]

Although Navarro named "APWU" as the discriminating party in her charge, she named Aleman and Duncan as defendants in her complaint. As causes of action, Navarro identified: (1) gender discrimination, and (2) retaliation based on prior

---

[5] Docket entry # 8.

[6] *Id.*

3

grievances.⁷ In response, Aleman and Duncan (together, the defendants) moved to dismiss the case for failing: (1) to file a timely charge of discrimination, (2) to exhaust administrative remedies, (3) to state a claim, and (4) to serve APWU with process. Because Navarro may proceed only if she satisfied the administrative prerequisites for this case, the court must first consider whether Navarro's charge was timely-filed.

**Whether Navarro's charge of discrimination was timely**. The defendants argued that Navarro's charge of discrimination was untimely filed and asked for dismissal of this case as untimely.⁸ The defendants maintained that Navarro filed her charge outside of the 180-day time limit for filing a charge.

Before a plaintiff can bring an employment discrimination lawsuit, she first must file a charge with the EEOC describing the facts and circumstances constituting the alleged discriminatory conduct within the time the statutory time period. ⁹ In addition,

---

⁷Navarro also complained about disability discrimination in her charge, but she did not complain about disability discrimination in her complaint. As relief sought, Navarro indicated she seeks re-employment. Navarro receives Social Security disability benefits. *See* docket entry # 30, ex. 8. An award of disability benefits indicates Navarro is unable to perform any substantial gainful activity. By applying for disability benefits, Navarro conceded that she is ineligible for re-employment.

⁸Docket entry # 15.

⁹"There are two requirements [a plaintiff must satisfy before] filing a Title VII action in federal court: (1) the complaint must be filed within the time allotted by Title VII, and (2) the complainant must exhaust her administrative remedies. Failure to comply with either of these requirements wholly deprives the district court of jurisdiction over the case; it is the well-settled law of this circuit that each requirement is

4

the EEOC must issue the plaintiff a notice-of-right-to-sue letter.[10] "In a state that, like Texas, provides a state or local administrative mechanism to address complaints of employment discrimination, a title VII plaintiff must file charge of discrimination with EEOC within 300 days after learning of conduct alleged."[11]

Navarro's charge of discrimination complained about the rescheduling of an arbitration originally scheduled for January 14, 2010. Navarro provided documentation showing the hearing was rescheduled on October 2, 2009; January 8, 2010; and May 7, 2010.[12] Because the hearing was last rescheduled on May 7, 2010, Navarro's time for filing her charge began to run on that day. Adding 300 days to May 7, 2010, gave Navarro until March 3, 2011, to file her charge. Navarro filed her charge on October 18, 2010. The filing date fell within the 300-day time period between May 7, 2010 and

---

a prerequisite to federal subject matter jurisdiction." *Tolbert v. United States*, 916 F.2d 245, 247 (5th Cir. 1990).

[10]*See Dao v. Auchan Hypermarket*, 96 F.3d 787, 789 (5th Cir. 1996) ("[B]efore a plaintiff can commence a civil action under Title VII in federal court, she must file a timely charge with the EEOC, or with a state or local agency with authority to grant or seek relief from the alleged unlawful employment practice."). *See also Bowers v. Potter*, No. 04-20043, 2004 WL 2434892, at *2 (5th Cir. 2004) ("Employment discrimination plaintiffs must exhaust all administrative remedies before pursuing claims in federal court. Exhaustion occurs when a plaintiff files a timely charge with the EEOC and receives a statutory notice of right to sue.").

[11]*Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998).

[12]Docket entry # 30, ex. 3.

March 3, 2011; therefore, Navarro's charge was timely filed. The defendants are not entitled to dismissal based on an untimely charge.

**Whether Navarro exhausted her administrative remedies**. The defendants maintained that even if the charge was timely filed, the case should be dismissed because the charge did not name the defendants or the Local Union as discriminating parties. The defendants argued that Navarro failed to exhaust her administrative remedies as to them because Navarro named only the APWU in the charge. Thus, they asked for dismissal for failure to exhaust administrative remedies.

The general rule is that a party must be properly named in the EEOC charge before that party may be sued under Title VII "'unless there is a clear identity of interest between [the unnamed party] and a party named in the EEOC charge.'"[13] Navarro

---

[13]*Walsh v. Aries Freight Sys., L.P.*, No. CIV.A. H-07-2628, 2007 WL 3001650 at * 3 (S.D. Tex. Oct. 12, 2007) (citation omitted).

> Courts use two tests for determining whether a party shares an identity of interest with another party so as to justify a failure to name the party on the EEOC charge. One test looks to whether there is an "identity of interest where the unnamed party has been provided with adequate notice of the charge under circumstances which afford him an opportunity to participate in conciliation proceedings aimed at voluntary compliance." A second test looks at the "relationship between the named and unnamed parties at the time the charge is filed and conciliation efforts occur." In looking at the relationship, the court examines four factors: whether the role of the unnamed party could through reasonable effort by the complainant be ascertained at the time of the filing of the EEOC complaint; (2) whether, under the circumstances, the interests of a named [party] are so similar as the unnamed party's that for the purpose of

named the APWU as the discriminating party in her charge, but she did not name the defendants. Under the circumstances, there may be a clear identity of interest between the APWU and the defendants, but the court need not consider that question. Even if there is an identity of interest between the APWU and the defendants, the following discussion explains why Navarro cannot prevail.

**Whether Navarro stated a claim upon which relief may be granted**. The defendants contended Navarro's complaint is facially inadequate to state a claim and asked for dismissal under Rule 12(b)(6). A defendant in a civil action may move to dismiss under Rule 12(b)(6) for "failure to state a claim upon which relief may be granted."[14]

> To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in

---

obtaining voluntary conciliation and compliance it would be unnecessary to include the unnamed party in the EEOC proceedings; whether its absence from the EEOC proceedings resulted in actual prejudice to the interests of the unnamed party; and whether the unnamed party has in some way represented to the complainant that its relationship with the complainant is to be through the named party.

*Id*. (citations omitted).

[14]Fed. R. Civ. P. 12(b)(6).

fact)."[15]

In considering a Rule12(b)(6) motion, the district court may not go outside the complaint, but the court can consider documents attached to a motion to dismiss if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claim.[16] If a Rule 12(b)(6) motion appears meritorious, and a more carefully drafted complaint might cure any deficiencies, the district court must first "give the plaintiff an opportunity to amend his complaint, rather than dismiss it…."[17]

**Navarro's gender discrimination claim**. Title VII of the Civil Rights Act of 1964 prohibits labor unions from discriminating on the basis of …[gender].[18] To establish a violation of Title VII based on gender, the plaintiff must first establish a prima facie case of discrimination by alleging some facts which show the plaintiff's gender was the motive for the defendant's action.[19]

Viewed as true, Navarro's allegations failed to establish a prima facie case of

---

[15]*In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).

[16]*See Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003).

[17]*Fuller v. Rich*, 925 F. Supp. 459, 461 (N.D. Tex. 1995).

[18]42 U.S.C. § 2000e-2(c)(1).

[19]*See Tex. Dep't of Cmty. Affairs v. Burdine*, 450 U.S. 248, 252-53 (1981) ("First, the plaintiff has the burden of proving by the preponderance of the evidence a prima facie case of discrimination.").

discrimination. In her complaint, Navarro complained only about the rescheduling her arbitration. She stated that her arbitration was rescheduled because Aleman's son was murdered, not because of discriminatory animus. Navarro alleged no facts indicating the defendants were motivated by Navarro's gender. Thus, Navarro failed to state a claim for sex discrimination. The court need not give Navarro an opportunity to amend her complaint because Navarro did not respond to this point and because her response complained about the consequences of her settlement agreement, not about the rescheduling of her arbitration.[20] The defendants are entitled to dismissal of the gender-discrimination claim based on failure to state a claim.

**Navarro's retaliation claim**. As a basis for her retaliation claim, Navarro alleged that the defendants failed "to enforce grievances for jobs that were awarded to people with less seniority."[21] Navarro explained the basis of that allegation in her response to the defendants' motion to dismiss.[22] Navarro asserted that the defendants breached the union's duty of fair representation by not representing her in grievances concerning being passed over by people for less seniority.[23] As clarified, Navarro's retaliation claim

---

[20]Docket entry # 26.

[21]Docket entry # 8.

[22]Docket entry # 26.

[23]Docket entry # 26, p. 2.

9

is properly construed as a claim for breach of a union's duty of fair representation. Because I relied on documentary evidence in considering the claim, I conducted my analysis for this allegation under Rule 56.[24]

A union's refusal to arbitrate a grievance, if motivated by gender bias, would breach a union's duty of fair representation.[25] The defendants presented documentary evidence showing a breach did not occur. The defendants presented documents showing that Navarro sought representation for a grievance complaining about not being selected customer service positions. Those documents show the Local Union declined to represent Navarro for that grievance because Navarro had agreed not to bid on customer service positions for the remainder of her employment with the Postal Service.[26] The agreement settled Navarro's grievance about her November 18, 2005, 30-day suspension for insubordination. This evidence shows that the defendants' failure to represent Navarro in her grievance was motivated by Navarro's settlement agreement, not gender bias.

The defendants also presented evidence showing: (1) Navarro's grievance about

---

[24]*See* Fed. R. Civ. P. 12(d) ("If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

[25]*See Freeman v. O'Neal Steel*, 609 F.2d 1123, 1125 (5th Cir. 1980).

[26]Docket entry # 16, ex. 2 & ex. 3.

the May 18, 2009 Letter of Warning and the June 10, 2009 7-day suspension for insubordination was held on August 11, 2010; (2) the Local Union represented Navarro at the hearing; (3) the Local Union contended just cause did not support the letter of warning and the suspension; and (4) the arbitrator determined just cause supported the disciplinary actions — because Navarro had been insubordinate — and denied the grievance.[27] This evidence disproves any claim that the defendants did not represent Navarro in the grievance underlying her charge of discrimination — the grievance appealing the May 18, 2009 Letter of Warning and the June 10, 2009 7-day suspension.

The defendants also provided documentary evidence showing: (1) Navarro's grievance about the 14-day suspension was held August 11, 2010; (2) the Local Union represented Navarro at the hearing; (3) the Local Union contended the Postal Service did not have just cause to issue the 14-day suspension; and (4) the arbitrator denied the grievance, determining that Navarro had been insubordinate as charged.[28] To the extent Navarro's complaint is based on her grievance about the 14-day suspension, and to the extent such claim was exhausted, the defendants' evidence disproves a claim that the defendants breached the union's duty of fair representation.

In addition, Navarro presented documents showing that: (1) Navarro's

---

[27]Docket entry # 16, ex. 5.

[28]Docket entry # 16, ex. 6.

arbitration hearing for the January 14, 2010 Notice of Removal was conducted on December 9, 2010; (2) the Local Union advocated on Navarro's behalf; (3) the arbitrator considered whether the Postal Service had just cause to issue the Notice of Removal; and (4) the arbitrator determined just cause existed. To the extent, Navarro contended the defendants breached the union's duty of fair representation by not representing her in grievances about her removal, and to the extent she exhausted such claim, this evidence disproves the claim.

The documentary evidence shows the defendants did not breach the union's duty to fairly represent Navarro. Navarro presented nothing raising a fact question about the defendants' representation of her grievances. To the extent Navarro exhausted her breach-of-the-duty-of-fair-representation claim, the defendants are entitled to summary judgment.

**Recommendation**. Navarro failed to state a gender-discrimination claim regarding the rescheduling of her arbitration. Navarro alleged the arbitration was rescheduled for a nondiscriminatory reason. For that reason, Navarro's claim of gender discrimination should be dismissed for failing to state a claim.

The documentary evidence disproves Navarro's complaint about a breach of the duty of fair representation. To the extent Navarro exhausted her claim, the documentary evidence shows the defendants either represented Navarro in her

grievances or declined to represent Navarro based on her settlement agreement. Navarro did not raise a fact question about the union's representation. For that reason, the defendants are entitled to summary judgment on Navarro's breach-of-the-union's-duty-of-fair-representation claim. If the district judge agrees, the court should consider the motion to dismiss the claim under Rule 56 and enter summary judgment in favor of the defendants.

Based on the above reasoning, I recommend GRANTING the defendants' motion (docket entry # 15). Accepting this recommendation will moot Navarro's motion to amend her complaint to correct Aleman's title (docket entry # 22).

**Instructions for Service and Notice of Right to Object/Appeal**. The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy to those not registered by certified mail, return receipt requested. Written objections to this report and recommendation must be filed within 14 days after being served with a copy of same, unless this time period is modified by the district court.[29] Such party shall file the objections with the clerk of the court, and serve the objections on all other parties and the magistrate judge. A party filing objections must specifically identify those findings,

---

[29] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

conclusions or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusive or general objections. A party's failure to file written objections to the proposed findings, conclusions and recommendations contained in this report shall bar the party from a *de novo* determination by the district court.[30] Additionally, failure to file timely written objections to the proposed findings, conclusions and recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.[31]

**SIGNED** on August 8, 2011.

*Nancy Stein Nowak*
NANCY STEIN NOWAK
UNITED STATES MAGISTRATE JUDGE

---

[30]*Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root*, 200 F.3d 335, 340 (5th Cir. 2000).

[31]*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).